Lesley D. Bohleber (SBN 49150)
LLueke@aldridgepite.com
**ALDRIDGE PITE, LLP**
The Ogden Building
9311 SE 36th St, Ste 100
Mercer Island, WA 98040
Telephone: (425) 644-6471

<u>Mailing Address</u>:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
Deutsche Bank National Trust Company, as Trustee
for American Home Mortgage Assets Trust 2007-5,
Mortgage-Backed Pass-Through Certificates Series 2007-5

Honorable Timothy W. Dore
Chapter: 13
Hearing Location: Seattle (telephonic)
Hearing Date: 8/19/2020
Hearing Time: 9:30 AM
Response Date: 8/12/2020

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON - SEATTLE DIVISION

| | |
|---|---|
| In re<br><br>TANA T CHAMBERLAIN AKA TANA TIHL CHAMBERLAIN,<br><br>Debtor. | No. 15-11112-TWD<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-5, Mortgage-Backed Pass-Through Certificates Series 2007-5 ("Movant") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 4076 24th Place South, Seattle, Washington 98108 (the "Property"). [1] This motion is supported by the memorandum of points and authorities cited herein, the declaration filed concurrently herewith, and the record currently before the court.

### I. FACTUAL AND PROCEDURAL SUMMARY

PHH Mortgage Corporation services the underlying mortgage loan and note for the

---

[1] This motion shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P.4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 1

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 15-11112-TWD    Doc 87    Filed 07/14/20    Ent. 07/14/20 13:16:04    Pg. 1 of 7

property referenced in this Motion for Relief for Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-5, Mortgage-Backed Pass-Through Certificates Series 2007-5, and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-5, Mortgage-Backed Pass-Through Certificates Series 2007-5. Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-5, Mortgage-Backed Pass-Through Certificates Series 2007-5 has the right to foreclose because it is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-5, Mortgage-Backed Pass-Through Certificates Series 2007-5, directly or through an agent has possession of the promissory note and the promissory note is either made payable to Deutsche Bank National Trust Company, as Trustee for American Home Mortgage Assets Trust 2007-5, Mortgage-Backed Pass-Through Certificates Series 2007-5, or has been duly endorsed.

On or about April 2, 2007, Tana Chamberlain ("Debtor") executed a promissory note in the principal sum of $500,000.00 (the "Note"), which was made payable to American Home Mortgage Acceptance, Inc. (*See* Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), **Exhibit A**).

The Note is secured by a recorded Deed of Trust (the "Deed of Trust") encumbering the Property.[2] (*See* Declaration, **Exhibit B**). The Property is legally described as follows:

> PORTION OF LOT (S) 15, 16, 35 AND 36, BLOCK 2, JEFFERSON PARK TERRACE
>
> THE SOUTH 10 FEET OF LOT (S) 15, THE NORTH 45 FEET OF LOT (S) 16, THE WEST 50 FEET OF THE NORTH 45
> FEET OF LOT (S) 35, AND THE WEST 50 FEET OF THE SOUTH 10 FEET OF LOTS (S) 36, BLOCK 2, JEFFERSON
> PARK TERRACE, ACCORDING TO THE PLAT THEREOF RECORDED IN

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Loan."

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 2

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 15-11112-TWD    Doc 87    Filed 07/14/20    Ent. 07/14/20 13:16:04    Pg. 2 of 7

VOLUME 44 OF PLATS, PAGE (S) 48,
RECORDS OF KING COUNTY, WASHINGTON,
SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

(*See id.*)

Movant, directly or through an agent, has possession of the promissory note, which is indorsed and payable in blank. (*See* Declaration).

On or about December 16, 2015, Debtor executed an agreement to modify the loan. (*See* Declaration, **Exhibit C**).

On February 26, 2015, Debtor commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust. (*See* Declaration).

As of May 26, 2020, the post-petition payments due under the Loan are as follows:

| **PAYMENTS** | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 2 | $1,281.16 | 6/1/2017 to 7/1/2017 | $2,562.32 |
| 12 | $1,282.26 | 8/1/2017 to 7/1/2018 | $15,387.12 |
| 11 | $1,293.18 | 8/1/2018 to 6/1/2019 | $14,224.98 |
| 11 | $1,298.30 | 7/1/2019 to 5/1/2020 | $14,281.30 |
| | | *Less Suspense*: | $(123.04) |
| **Total Post-Petition Payments as of May 26, 2020:** | | | **$46,332.68** |

(*See* Declaration).

An additional payment will come due on June 1, 2020, and payments will continue to come due on the 1st day of each month until the Loan is paid in full. (*See* Declaration).

The current post-petition payment is due in the amount of $1,298.30, of which $1,077.75 is for principal and interest and $220.55 is for the escrow payment.

As of the date of this motion, no foreclosure proceedings have been commenced against the Property.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 3

**ALDRIDGE PITE, LLP**
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 15-11112-TWD    Doc 87    Filed 07/14/20    Ent. 07/14/20 13:16:04    Pg. 3 of 7

As of May 26, 2020, the total unpaid principal balance is $666,325.31 which includes the unpaid principal balance of $257,042.06 and deferred principal balance of $409,283.25.[3] (*See* Declaration).

## II. LEGAL ARGUMENT

### A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition mortgage payments, and inadequate protection of a creditor's interest in the property. *In re Ellis*, 60 B.R. 432 (9th Cir.BAP 1985).

Pursuant to Debtor's Chapter 13 Plan, Debtor is obligated to make all post-petition payments due and owing under the Note. Debtor's failure to tender post-petition mortgage payments, as detailed herein, constitutes "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

### B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)

Section 362(d)(2) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization…

---

[3] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 4

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 15-11112-TWD    Doc 87    Filed 07/14/20    Ent. 07/14/20 13:16:04    Pg. 4 of 7

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984)(emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added).

Movant is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the fair market value of the Property is approximately $350,000.00.[4] Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtor's and/or the estate's equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $350,000.00 |
| Less: | |
|    Movant's Trust Deed | $666,325.31 |
|    Webster Bank, N.A.'s 2nd Deed of Trust | $35,918.00 |
|    Costs of Sale (8%) | $28,000.00 |
| Equity in the Property: | **$(380,243.31)** |

As there is little to no equity in the Property for the benefit of the bankruptcy estate, the Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

### III. CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

---

[4] Copies of the Debtor's Schedules "A" and "D" are collectively attached hereto as **Exhibit A** and incorporated herein by reference.

MOTION FOR RELIEF FROM AUTOMATIC STAY
Page 5

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 15-11112-TWD    Doc 87    Filed 07/14/20    Ent. 07/14/20 13:16:04    Pg. 5 of 7

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

5. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

6. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

*Lesley Bohleber*

Dated: July 14, 2020

LESLEY D. BOHLEBER
Attorneys for Movant Deutsche Bank National
Trust Company, as Trustee for American Home
Mortgage Assets Trust 2007-5, Mortgage-Backed
Pass-Through Certificates Series 2007-5

MOTION FOR RELIEF FROM AUTOMATIC STAY
Page 6

ALDRIDGE PITE, LLP
4375 Jutland Drive; P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (425)644-6471

Case 15-11112-TWD    Doc 87    Filed 07/14/20    Ent. 07/14/20 13:16:04    Pg. 6 of 7



PHH Mortgage Services Tel 877-688-7116
1 Mortgage Way Fax 856-917-8003
Mt. Laurel NJ 08054

# **IMPORTANT NOTICE**

Upon written request, PHH Mortgage Services will provide the following information regarding the subject loan:

- A copy of the payment history through the date the account was last less than 60 days past due.
- A copy of the note.
- If foreclosure has been commenced or a POC has been filed, copies of any assignments of mortgage or deed of trust required to demonstrate the right to foreclose on the borrower's note under applicable state laws.
- The name of the investor that holds the loan.

Requests for this information/documentation can be sent to us at the following address:

> PHH Mortgage Services
> Mailstop SBRP
> PO Box 5469
> Mt. Laurel, NJ 08054

This notice is being provided for informational and compliance purposes only. It is not an attempt to collect a debt.